UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULLETO ROGERS,

       Plaintiff,                                     Case No. 14-13163
                                                   Hon. Gerald E. Rosen

v.

PHILLIP J. SHEFFERLY,

       Defendant.
_____/

**ORDER AND JUDGMENT OF DISMISSAL UNDER 28 U.S.C. § 1915(e)(2)(B)**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     November 5, 2014

PRESENT:  Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

     In his *pro se* complaint in this case, Plaintiff Paulleto Rogers evidently seeks to challenge an August 5, 2014 ruling by the Defendant bankruptcy judge, the Honorable Phillip J. Shefferly, dismissing Plaintiff's most recent Chapter 7 bankruptcy petition and barring Plaintiff from filing any further Chapter 7 petitions until April 1, 2017.  In so ruling, the Bankruptcy Court found (i) that Plaintiff's most recent bankruptcy petition was "filed in bad faith," in light of Plaintiff's filing of six prior cases seeking bankruptcy relief, and in light of his failure to "list any assets on his schedules that could be administered" in a Chapter 7 proceeding, and (ii) that Plaintiff was not eligible for a Chapter 7 discharge "due to the fact that [he] previously obtained a Chapter 7 discharge

in case no. 09-50145." (Bankr. Case No. 14-51469, 8/5/2014 Order at 1.)  Through the present suit filed with this Court, Plaintiff requests, among other relief, that the Bankruptcy Court's ruling be set aside and that his Chapter 7 case be reinstated.

Plaintiff's complaint in this suit was accompanied by an application to proceed *in forma pauperis,* which the Court has now granted.  Under 28 U.S.C. § 1915(e)(2)(B), upon permitting a plaintiff to proceed *in forma pauperis,* the Court nevertheless is directed to "dismiss the case at any time if the court determines" that (i) the suit is "frivolous or malicious," (ii) that the plaintiff's complaint "fails to state a claim on which relief may be granted," or (iii) that the plaintiff "seeks monetary relief against a defendant who is immune from such relief."  As discussed briefly below, Plaintiff's complaint runs afoul of each of these grounds for summary dismissal.

First and foremost, this Court lacks any freestanding jurisdictional authority to review or disturb the rulings of a bankruptcy court.  Rather, if a litigant is dissatisfied with a bankruptcy court's ruling, his recourse is to pursue an appeal from this ruling.  *See* 28 U.S.C. § 158(a).  Plaintiff clearly is aware of this statutory avenue of appeal to the district court, as he filed a notice of appeal from the Bankruptcy Court's August 5, 2014 ruling on August 15, 2014, the very same date he commenced the present suit.  This appeal has been designated as Case No. 14-13769 and assigned to U.S. District Judge Paul D. Borman, and any desired relief that Plaintiff might seek from the Bankruptcy Court's ruling may be pursued through this appeal pending before Judge Borman. Against this backdrop, it is clear that Plaintiff's present suit is wholly duplicative and

frivolous, and that Plaintiff has failed to identify a jurisdictional basis upon which this Court could grant relief from the Bankruptcy Court's dismissal of his Chapter 7 petition.

Next, Plaintiff's complaint in this suit also appears to seek relief from a defendant who is immune from any such award. While Plaintiff indicates on the civil cover sheet accompanying his complaint that he seeks an award of $100,000 in damages from the Defendant bankruptcy judge, "[i]t is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages." *Barnes v. Winchell,* 105 F.3d 1111, 1115 (6th Cir. 1997).[1] To the extent that Plaintiff's complaint is construed as seeking injunctive rather than monetary relief — *i.e.,* an order setting aside the Bankruptcy Court's rulings and reinstating Plaintiff's Chapter 7 petition — as redress for purported due process violations, bias, or misconduct in the bankruptcy proceedings, the statutory vehicle for such relief presumably would be 42 U.S.C. § 1983, and this statute itself generally precludes any such grant of injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity." *See Massey v. Stosberg,* No. 04-5344, 136 F. App'x 719, 720 (6th Cir. Feb. 8, 2005); *Kircher v. City of Ypsilanti,* 458 F. Supp.2d 439, 447-48 (E.D. Mich. 2006).

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED

---

[1] Although there are two limited exceptions to this rule, *see Barnes,* 105 F.3d at 1116, nothing in Plaintiff's complaint suggests that either of these exceptions would be applicable here.

that Plaintiff's complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(B) as frivolous, for failure to state a claim on which relief may be granted, and as seeking relief against a defendant who is protected by judicial immunity.

                                s/Gerald E. Rosen
                                Chief Judge, United States District Court

Dated:  November 5, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 5, 2014, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5135